UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUSTIN VEGA,

                      Plaintiff,

       -against-

SHERIFF MICHAEL SPOSATO,
CORPORAL HOLT, #334, and
CO WARREN, #2550,

                      Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
12-CV-5096 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ OCT 18 2012 ★

LONG ISLAND OFFICE

I.    Introduction

      Pending before the Court is the complaint of incarcerated pro se plaintiff Justin Vega ("plaintiff") brought pursuant to 42 U.S.C. § 1983 ("section 1983") against Nassau County Sheriff Michael Sposato ("Sposato"), Corporal Holt #334 ("Corporal Holt") and Corrections Officer Warren, #2550 ("C.O. Warren"), accompanied by an application to proceed in forma pauperis. Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that his financial position qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). However, for the reasons discussed herein, plaintiff's complaint is sua sponte dismissed in part, without prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(b)(i), (ii) and 1915A(b)(1).

II.    The Complaint

      Plaintiff's brief, handwritten complaint, submitted on the Court's section 1983 civil complaint form, alleges that on August 23, 2012 plaintiff had an "altercation" with another inmate. Compl. at ¶ IV. Plaintiff claims that Corporal Holt and C.O. Warren, together with

fifteen (15) other unidentified corrections officers, "sprayed [plaintiff] with mace and commence[d] to brutally beat and assault [him] . . . ." Id. As a result of the alleged beating, plaintiff claims, inter alia, that his face and eyes were swollen and his eye socket was in excruciating and throbbing pain. Compl. at IV.A. Plaintiff also claims to have suffered injuries to his nose, ribs and neck. Id. As a result, plaintiff seeks to recover "7 to 11 million dollars," as well as punitive damages and attorneys' fees.[1] Compl. at ¶ V.

III. Discussion

    A. Application to Proceed In Forma Pauperis

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed in forma pauperis is granted.

    B. The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and to dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A.

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally,

---

[1] Plaintiff is proceeding pro se and thus has not incurred attorneys' fees.

2

see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments that [it] suggest[s],'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v.City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010) (alterations in original)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal DutchPetroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C. Section 1983 Standard

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress

... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

D. Claims Against Sheriff Sposato

Plaintiff fails to allege that Sheriff Sposato was personally involved in any of the allegedly unlawful conduct described in the complaint. The only reference to Sheriff Sposato in the complaint is the conclusory allegation that "Mr. Sposato is also liable and responsible." As plaintiff fails to allege any personal involvement of Sheriff Sposato in the incident, it appears that plaintiff seeks to hold Sheriff Sposato liable based upon his supervisory position alone.

However, an individual may not be held liable under section 1983 "merely because he held a high position of authority." Back, 365 F.3d at 127 (internal quotation marks omitted). Therefore, plaintiff's section 1983 claim against Sheriff Sposato fails as a matter of law and is dismissed without prejudice.

E. Claims Against Corporal Holt and C.O. Warren

Though thin, plaintiff's excessive force claims against Corporal Holt and C.O. Warren may proceed. Given plaintiff's pro se status, the Court declines to sua sponte dismiss these claims at this early stage in the proceedings.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is granted, and all claims against Sheriff Sposato are sua sponte dismissed without prejudice. Plaintiff's claims against Corporal Holt and C.O. Warren shall proceed. Accordingly, the Clerk of the Court shall forward copies of the summonses, the complaint, and this order to the United States Marshals Service for service upon Corporal Holt and C.O. Warren.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: November 16, 2012

5

Central Islip, New York

6